IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM SUTHERLAND, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )    CIVIL NO. 03-783-JLF |
| | ) |
| C/O MONROE, C/O LOCKE | ) |
| and C/O GRAFFINO, | ) |
| | ) |
|        Defendants. | ) |

## MEMORANDUM AND ORDER

**FOREMAN, District Judge:**

Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

From 1996-97, Plaintiff worked as a correctional officer at the Pontiac Correctional Center; he is now incarcerated in the Menard Correctional Center.[1] He alleges that on November 15, 2003, Defendants threatened him with bodily harm. The next day, he was assigned a new cellmate, whom he believes to be mentally ill. Plaintiff alleges that this cellmate, Slaughter, pulls out his own hair, fails to wipe himself or wash after using the toilet, talks to himself, and engages in other unspecified behavior that poses a threat to Plaintiff's

---

[1] Pursuant to FED.R.EVID. 201, the Court takes judicial notice that Plaintiff's current custody in the Illinois Department of Corrections is the result of a 1998 conviction for attempted first degree murder, aggravated battery with a firearm and home invasion in Cook County, Illinois, for which he is serving an aggregate sentence of 90 years. *See People v. Sutherland*, 317 Ill.App.3d 1117, 1119-20 (1st Dist. 2000), *appeal denied*, 195 Ill.2d 594 (2001), *cert. denied, Sutherland v. Illinois*, 534 U.S. 1105 (2002). *See also* http://www.idoc.state.il.us/ (accessed May 9, 2005).

health and safety.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Pursuant to 42 U.S.C. § 1997e(a), an inmate complaining of the conditions of his confinement must exhaust his administrative remedies prior to filing suit. Failure to so exhaust is grounds for summary dismissal of the complaint. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002); *Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001). In his complaint, Plaintiff clearly acknowledges that at the time he filed this action, he had not exhausted his administrative remedies. In fact, his statement that he "will file a grievance and otherwise attempt to exhaust state remedy" indicates to the Court that Plaintiff had not even begun that process at the time he filed this

action.  Therefore, because Plaintiff failed to exhaust his administrative remedies prior to filing suit, the Court does not have jurisdiction to consider his claims.

As for Plaintiff's recently filed motion to amend his complaint (Doc. 9), the claims he wishes to add to this action appear to have no direct relation to the claim presented in the original complaint.  Therefore, this motion is **DENIED**.  If Plaintiff wishes to pursue those claims in federal court, he must bring those claims in a separate action.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** without prejudice to refiling his claims in a new action upon exhaustion of his administrative remedies.

**IT IS SO ORDERED.**

**DATED:  May 10, 2005.**

*s/ James L. Foreman*
**DISTRICT JUDGE**